## SANDOZ v. BERIDON.
## DEJEAN v. SAME.
### No. 1325.

Court of Appeal of Louisiana.
First Circuit.
May 8, 1934.

Lewis & Lewis, of Opelousas, and St. Clair Adams, Jr., of New Orleans, for appellant.

L. L. Perrault, of Opelousas, for appellees.

ELLIOTT, Judge.

A dispute exists between the parties to these consolidated suits, Nos. 26106 and 26139, concerning their liability for certain costs under the decree of this court in deciding the cases. The opinion and decree is reported in Southern Reporter, volume 150, page 25 et seq. Damages were claimed of Dr. George R. Beridon in both suits arising out of an automobile collision. The suits were consolidated in the lower court and tried together. There was but one note of testimony, but in the lower court separate judgments were rendered in each case. Dr. George R. Beridon, appellant in both cases, appealed to this court from each of the judgments. This court acted on the two appeals at the same time in one opinion and decree. The parties differ as to the meaning of our decree concerning the liability for costs.

Dr. Beridon ruled L. B. Sandoz and James A. Dejean into court to show cause why the costs in the consolidated cases should not be divided, so as to attach to the judgment of L. B. Sandoz one-half of the costs and to the judgment against James A. Dejean the other one-half. The rule proceedings show that Sandoz and Dejean each appeared in response to the rule and each filed an exception of no cause or right of action, accompanying their respective exceptions with an answer in which they contend that the decree of this court on the subject of costs was final and constituted res adjudicata, their contention being in effect that Dr. Beridon was under the opinion and decree taxed for all the costs in both suits. The lower court sustained the exception, thereby in effect holding, as we understand the situation, that Dr. Beridon was liable for all costs on both suits. Dr. Beridon has appealed.

We notice that the record contains no brief on the part of Messrs. Sandoz and Dejean in support of their contention on the subject. The language which gave rise to this controversy we transcribe as follows: "For these reasons the judgment appealed from in favor of James A. Dejean for $2,140.40 will be annulled, avoided and set aside and the demand of the said Dejean will be refused and rejected. The judgment appealed from in favor of Lawrence B. Sandoz is reduced from $4,700.00 to $3,200.00 and as thus amended affirmed, this last amount to draw legal interest from judicial demand until paid. The defendant, Dr. George R. Beridon, is to pay costs in both courts." It will be observed that there are two decrees, one against James A. Dejean and the other against George R. Beridon.

Calling the matter back to mind, as best we can, we have no recollection of any purpose or intention in deciding the consolidated cases to exercise the equitable right vested in appellate courts by Act No. 229 of 1910, § 2, to tax all the costs against Dr. Beridon. The question is, Was it done? If so, the matter is final and cannot now be changed. Looking at the decree against Dejean, his demand is rejected but there is nothing said about cost. At the conclusion of the decree in the Sandoz case we say, "The defendant, Dr. George R. Beridon, is to pay costs in both courts," which may reasonably refer to the cost in the Sandoz suit only. If the language had been, "costs in both suits," it would be a different matter.

We therefore conclude that the subject of liability for costs is governed by the provi-

678

sions of the Code of Practice, articles 549 and 908.[1]

The same witnesses and evidence were used in both cases, except as to some particular matters, which did not require much testimony, saving and except the testimony of Dr. O'Ferrall, which was pertinent to the claim of Sandoz only. The judgment appealed from is in our opinion erroneous and will be therefore annulled, avoided, and set aside and judgment rendered as we think should have been done in the lower court.

For these reasons, the judgment appealed from is annulled, avoided, and set aside and it is now ordered, adjudged, and decreed that, save as to the amount due Dr. O'Ferrall, which is to be paid by Dr. Beridon, all the other costs in the lower court, due in the consolidated cases, are to be paid one-half by Dr. George R. Beridon and the other one-half by James A. Dejean. The costs of the former appeal in case No. 26106 are to be paid by Dr. George R. Beridon and in case No. 26139 by James A. Dejean.

The costs of this rule in the lower court and of this appeal are to be paid by James A. Dejean.

---

[1] See Dart's Annotated Code Prac. 1932, § 908 and notes.